[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
On October 16, 1998, this court rendered a memorandum of decision which dissolved the marriage of the parties on the ground of irretrievable breakdown and entered additional orders.
At that time the court reserved decision as to alimony, distribution of marital assets and liabilities and other findings and orders. CT Page 5688
By this supplemental memorandum of decision, the court makes additional findings and orders based upon the evidence and testimony elicited at the time of trial. In reaching the following orders the court has also taken into consideration the provisions of Sections 46b-81 and 46b-82 of the General Statutes as well as other relevant statutory provisions.
All of the following findings and orders are based upon the evidence and testimony offered at the time of trial.
The plaintiff was born on December 1, 1955. He reported having two years of education beyond his high school diploma.
At the trial he offered his own testimony to establish that he suffered from a variety of medical ailments. He also offered a number of exhibits in the form of medical reports and statements to substantiate his testimony regarding those medical conditions including malignant multiple myeloma complicated by kidney failure (Pl. Ex. 1 and 4); ankylosing spondylitis, a chronic degenerative disease of the spine and peripheral joint complaints involving fingers and toes (Pl. Ex. 3); and bipolar disorder with a history of alcoholism and depression (Pl. Ex. 2).
He cited his extensive and varied medical conditions as the reason for his rather minimal recent work history.
His financial affidavit indicated that he was employed by River Valley Services as a human services advocate in June 1997, earning a gross weekly income of $752.00 and netting him $573.00 per week. On his financial affidavit filed at the time of trial, he reported $525.84 in gross weekly earnings which netted him $405.55 weekly.
The defendant-wife was born on July 14, 1949. She also has two years of secondary education, having received a certificate as an administrative assistant from the Stone School of Business.
Like the plaintiff, she offered her own testimony concerning her poor health. She also offered written documents to substantiate her claim of "undifferentiated connective tissue disease", cervical disc disease, and the after effects of cervical spine fusion surgery necessitated by anterior decompression and reportedly performed on January 13, 1998 (Deft. Ex. 2 and 3). CT Page 5689
She testified that due to those conditions she had been forced to stop her work as a waitress and undergo surgery. She reported zero income her financial affidavit dated February 3, 1998.
She had previously reported gross weekly income as a waitress in the amount of $146.00 which netted her $140.44 per week in her financial affidavit dated March 14, 1997. That affidavit disclosed no amount in tips.
At the time of trial, the defendant filed a financial affidavit dated July 31, 1998 in which she reported employment as a part time waitress at Rapp's Paradise Inn which paid her $66.55 in gross income and netted her $58.83. That affidavit also reported tips in the amount of $55.00 per week for a total net income of $113.83 per week. She testified at trial that she was employed at Rapp's "14 to 30 hours per week" and that her tips averaged $70.00 per week.
The defendant also offered evidence that the plaintiff was the trustee of a rather substantial trust fund for the benefit of his son, Neil. The corpus was Neil's inheritance from his grandmother and amounted to approximately $160,000.00 in September 1996 (Deft. Ex. 1).
While there was little or no testimony that the plaintiff had personally profited from this trust, the testimony of the plaintiff regarding that trust was suspect. He testified that he was not sure if the trust had yet vested, he wasn't sure how old Neil was at the time and conceded that he had made a disbursement to Neil to purchase a motor vehicle but he could not recall when that had been or how much money had been allocated. His testimony regarding the trust did not enhance his credibility with the court.
There was testimony that the plaintiff had invested considerable sums into a financial venture involving the acquisition of radio towers and FCC licenses. He testified that much if not all of the money had come to him as gifts and or loans from his father. He conceded that at least $35,000.00 had been used by him for that venture. The defendant claimed that she did not benefit at all from that venture, but admitted that she and her sister had invested money in radio tower licenses during the marriage. CT Page 5690
The income reported by both plaintiff and defendant was less than credible for a number of reasons.
The only appreciable assets reported by both parties include three time shares in Newport, Rhode Island valued at $60,000.00, a time share in Lake Placid, N.Y. valued at $20,000.00 and a time share "in Massachusetts."
The equity in the marital residence was lost when that home was foreclosed upon. All that remains of that is a deficiency judgment to La Salle National Bank in the approximate amount of $31,536.25.
The testimony permits a finding that, as the defendant put it, "[the plaintiff] refinanced, he paid off his bills and he took off."
This is a sad case where there are many debts, few assets, allegations of serious medical disabilities and expenses and a considerable amount of less than credible testimony on the part of both parties.
 ORDERS
Having considered the evidence at trial, the court enters the following orders.
I. ALIMONY
The plaintiff shall pay to the defendant the sum of $75.00 per week as periodic alimony. That obligation shall commence on the date of this order and continue until the earliest of the following events:
1. The death of either party.
2. The remarriage of the defendant.
 3. Cohabitation by the defendant, as that term is defined by statute.
4. May 27, 2005.
II. BY WAY OF PROPERTY DISTRIBUTION
CT Page 5691
1. The defendant shall retain all of her right, title and interest in two shares in the time share in Newport, Rhode Island and one share in the time share in Massachusetts.
The plaintiff shall retain his interest in one share of the time share in Newport, Rhode Island and one share of the time share in Lake Placid, N.Y.
Each party shall be solely responsible for all debts which may arise from their respective time shares and shall hold the other harmless from any obligations arising from that property.
2. Except as otherwise ordered herein, the parties shall each retain the personal property listed on their respective financial affidavits in effect at the time of trial.
3. Except as otherwise ordered herein, the parties shall each be solely responsible for the debts and liabilities listed on their respective financial affidavit in effect at the time of trial and each shall hold the other harmless therefrom.
4. The parties shall divide the household furnishings equally.
5. The parties shall each remain jointly and severally liable for the mortgage deficiency judgment owed to LaSalle National Bank.
6. The parties shall each remain jointly and severally liable for all financial obligations arising from the ownership, use and occupancy of the various time shares mentioned above.
7. The plaintiff shall be solely responsible for all medical bills incurred by both the plaintiff and defendant prior to and after the lapse of the parties' medical insurance up to the date of trial.
8. Each of the parties shall retain all of the rights and obligations related to the FCC licences and towers which they each acquired during the marriage. Each is to hold the other harmless from all costs, fees, taxes or other financial obligations related to such property and property rights. Both parties are to remain jointly and severally liable for any such assets which were jointly owned. CT Page 5692
9. Both parties shall remain jointly and severally liable for any outstanding income taxes and any interest and penalty thereon reported on joint state and federal income tax returns. Each shall be solely responsible for such obligations reported on individually filed tax returns. Both parties shall share equally any income tax refunds received for jointly filed tax returns.
10. The plaintiff will cooperate with the defendant's efforts to obtain COBRA benefits for health and dental insurance through the plaintiff's employer. The parties shall share equally the cost of the premiums for such insurance.
11. Each party shall be responsible for their own attorney fees associated with this action.
The findings and orders contained in the memorandum of decision dated October 16, 1998 are incorporated by reference into this supplemental memorandum of decision.
By the Court,
Joseph W. Doherty Judge